ABNER REEVES, Appellant, *v.* JOHN S. FORMAN, Appellee.

APPEAL FROM COOK.

Where A sold a piece of land to B for a sum certain, guaranteeing that he should be reimbursed his investment out of the sale of the land within two years, with twelve per cent. interest per annum, in addition, exclusive of all taxes and assessments, the profits over and above twenty per cent. to be divided between them ; A was to have the power of selling the land at any time within two years, and if not sold within twelve months, B was to have the privilege of selling, and A of purchasing at B's price—Held, that A undertook by this agreement that B should have his money and interest refunded from a sale of the land within two years, during all which time A was to have power to sell ; if a sale should not be made by A in twelve months, then B was to sell ; and that unless he could reimburse himself he should have offered the land to A within the last of the two years, failing which, he will be held to have elected to keep the land.

The plea of non est factum in an action of covenant, not being the general issue, a demurrer to pleas will extend to the declaration.

THIS was an action of covenant, commenced by appellee against the appellant, on a contract of writing, of which the following is a copy :

This article of agreement, made and entered into this eighth (8th) day of August, 1856, between Abner Reeves and J. S. Forman, witnesseth : That said Reeves has this day sold lot sixteen (16), in the subdivision of B. S. Morris and others, of the south-east quarter of section eighteen (18), township thirty-nine (39), Range fourteen (14) east of the third principal meridian, to said Forman for the sum of six thousand ($6,000) dollars cash, as evidenced by the deed thereof of even date herewith, by said Reeves to said Forman, said land being in the city of Chicago and State of Illinois ; and that also, in consideration of said six thousand dollars, and as an inducement to said purchase, said Reeves hereby binds himself and guarantees that said Forman shall be fully reimbursed out of the sale of said land in the amount so paid, and with twelve (12) per cent. per annum advance in value thereon, after payment of and exclusive of all

21

expenses, taxes and assessments thereto, within two years from the date hereof, and said Forman, in consideration of the premises, hereby agrees and binds himself to divide and share equally with said Reeves any and all profits there may be made on the sale of said land over and above twenty per cent. advance per annum, after payment of all expenses incident to the sale thereof, including taxes and necessary improvements. Said Reeves shall have the power to sell said land at any time within said two years, and if not sold within twelve months from the date hereof, then said Forman shall have the privilege of selling, and said Reeves of purchasing, at said Forman's price.

In testimony whereof, we have hereunto set our hands and seals, at the city of Chicago, the day and year first above written.

ABNER REEVES.  [SEAL.]
J. S. FORMAN.  [SEAL.]

The breach of the covenant alleged in the declaration is, that the plaintiff was not fully reimbursed out of the sale of the said lands $6,000 with twelve per cent. interest per annum advance on value of the land, after payment of and exclusive of all expense, taxes and assessments, within two years from date of said agreement.

The declaration alleges, that after two years had fully expired, that the said Forman, plaintiff below, made, executed and tendered to said Reeves, the defendant, a deed for said land, and demanded of said Reeves that he reimburse him the whole amount of the purchase money, pursuant to said agreement; but that the said Reeves failed and made default, etc., etc., and claims as his damages the whole amount of said consideration or purchase money, with twelve per cent. interest per annum added, and all taxes, etc., etc.

The defendant below filed his demurrer to this declaration, which was overruled by the court.

The defendant below then filed 1st plea, that the writing was not his deed, etc.

2nd special plea, that the defendant was ready and willing within two years from the making of said contract, to wit, from the 8th day of August, 1856, to 8th day of August, 1858, to keep his said guaranty that said plaintiff should reimburse himself " out of a sale of said land " within said two years, in manner and form and to the sum of money in said writing specified; but that the said plaintiff did not sell said premises, or cause the same to be sold within the said two years, nor was the same sold by the defendant within said two years, or at any time afterwards, by reason whereof, etc., etc.

3rd plea, that no damage has been shown by any act, or failure, or breach of contract committed by the defendant.

4th plea, that no damage has been caused or done under the covenant.

5th plea, that at the expiration of said two years the plaintiff below had conveyed his title to the premises, and that he, at the said time when, etc., had become divested of all his title and interest in and to said premises, so that said plaintiff was prevented from making sale of said premises, etc.

A replication was filed to 1st plea.

To 3rd plea there was also replication and issue to the country.

To 4th plea, replication and issue to the country.

To 5th plea, replication, and joinder and issue.

To 2nd plea, plaintiff filed a demurrer, in which defendant joined.

Defendant filed, by leave of court, an additional, or 6th plea, " that although it was true, as alleged in the said declaration, that plaintiff did, after the expiration of the two years, tender to the defendant a deed of the premises, yet that, prior to such tender, the said plaintiff had neglected to pay certain taxes and assessments, and that the premises had been legally sold therefor, and had not been redeemed, and that in consequence thereof the defendant had been discharged and excused of and from receiving such conveyance of the land back again, after said time when," etc.

To this 6th plea the plaintiff also filed his demurrer, in which defendant joined.

At the April term of the court, 25th of May, 1860, the court sustained the plaintiff's demurrer to the defendant's 2nd and 6th pleas, and overruled the said defendant's demurrer to the plaintiff's replication to said 5th plea.

And by consent of parties, a jury was then waived, and the cause was submitted to the court for trial upon the issues joined therein, and the court found a verdict for plaintiffs for damages assessed at the sum of $9,346.46, and the defendant moved for a new trial, which the court overruled, when the defendant, by his counsel, excepted, whereupon judgment was rendered on the verdict.

An appeal was then prayed, and granted.

By the bill of exceptions filed in said cause, it appears that the article of agreement above copied was introduced in evidence by the plaintiff below, together with a warrantee deed of the premises in question, executed by the defendant, of same date with the contract, to plaintiff, and also a quit-claim deed of same premises, executed back again by plaintiff to the defendant, dated 12th October, 1858, which defendant refused to accept, more than two years after the sale and conveyance by the defendant to the plaintiff, as referred to in said contract, as

declared upon. And also, that on the 13th day of October, 1858, said last named deed was tendered to the said defendant below. All which evidence was allowed by the court, and to which defendant, by his counsel, expressly excepted.

The defendant below then, on his part, offered to prove the following facts, as well to sustain the issues on his part as to reduce the damages, viz.:

1st. That the premises in question had been, since said sale and conveyance to the plaintiff, been sold by the city of Chicago for a special assessment, legally levied thereon after the said sale by defendant to plaintiff, and that said premises had never been redeemed by said plaintiff below, nor by any one for him, but that the said premises, at the time of said trial below, were incumbered by said sale, and that the plaintiff below had suffered his title to pass, and become incumbered under said sale, into the hands of third persons, as purchasers under said sale.

2nd. The defendant offered to prove that during all said two years from the date of said contract, and at the expiration of said two years, that is to say, from the 8th day of August, 1856, to 8th day of August, 1858, that the said premises were worth " six thousand dollars, together with twelve per cent. per annum advance in value thereon," from said 8th day of August, 1856, and exclusive of all expenses, taxes and assessments accruing or chargeable thereon, within the said two years, in said plaintiff's declaration and in said contract mentioned, etc.

To all which proof the plaintiff below having objected, the court sustained the objection, and excluded all the said proof so offered on the part of said defendant below.

The defendant below, the appellant in this court, assigns as errors upon the record the following points:

That the court erred in finding the issues for the plaintiff below, without proof that a sale of the land in question had been first made, so as to arrive at the true measure of damages or difference under the contract; *i. e.*, the difference between the proceeds which were to be realized by the plaintiff below out of a sale of the premises, and " the $6,000 consideration or purchase money which he had paid, together with twelve per cent. per annum added thereon, as advance in value of the land, with expenses, taxes and assessments," the sale having been made a condition precedent to any recovery under the covenant within two years.

That the court erred in overruling the motion for a new trial, because the plaintiff's declaration and the record failed to show any breach of covenant, or cause of action, which accrued to the plaintiff, there being no allegation that any sale of the land

had taken place within two years from the date of said contract, or that within " said two years the said Forman was not fully reimbursed out of the sale of said land," nor any cause alleged why the sale to reimburse the said plaintiff had not taken place.

Because there is no cause of action appearing on the face of the plaintiff's own pleadings in the cause.

Because no damages, or breach of covenant, were proven to have accrued under the contract offered in evidence and declared upon; and the court erred in finding his assessment of said damages.

The court erred in finding a verdict against the evidence, there being no breach of the contract shown. No sale of the land having taken place, the defendant below had no difference to pay between the amount realized upon a sale of the land, and the original consideration money, $6,000, with interest, expenses, taxes and assessments added; and there was no measure of damages.

The court erred in admitting the proof of the plaintiff, under the declaration that a deed of the premises conveyed by defendant below was tendered back to the defendant after two years had elapsed, without proof having been offered also to show that the defendant had refused to purchase said land within the said two years, at plaintiff's price, or prevented a sale of it by plaintiff.

The court erred in excluding the proof the defense offered, showing that the plaintiff had lost the title to the land by a sale of the premises for non-payment of taxes, since the land had been conveyed to him by the defendant.

The court excluded the testimony of the defendant below, showing that the land itself was worth all the defendant guaranteed it would reimbuse said plaintiff within two years from the date of the contract, viz., "$6,000, with twelve per cent. per annum advance added, and taxes, assessments and expenses."

To rescind the contract, it was not only necessary that the plaintiff should have tendered back a conveyance of the premises within the two years, but that he should have been in a condition to restore what he had received of the defendant, and put him in *statu quo;* and the court erred in refusing evidence to show any change in the condition of the title since it had been sold by the defendant.

The court erred in sustaining the demurrer of the plaintiff below to the 2nd and the 6th pleas of said defendant.

And the verdict was against the law and the evidence.

HOYNE, MILLER & LEWIS, and SHERMAN & KALES, for Appellant.

WALLER & CAULFIELD, for Appellee.

WALKER, J.  It appears from the evidence, that appellee sold and conveyed to appellant a lot of ground in the city of Chicago, for the sum of six thousand dollars.  At the time of the sale, the parties entered into an agreement, by which appellant guaranteed that appellee should, within two years from that date, be reimbursed, out of the sale of the land, the sum paid, with twelve per cent. per annum advance, and exclusive of all expenses, taxes and assessments.  Appellee agreed on his part, to divide the profits over and above twenty per cent. advance per annum, after paying all expenses incident to the sale, including taxes and necessary improvements.  The appellant was by the agreement to have the power of selling the land at any time within the two years, and if not sold within twelve months, then appellee was to have the privilege of selling, and appellant of purchasing at appellee's price.

From the terms of this agreement, appellant undertook that appellee should have his money, with twelve per cent. per annum advance, refunded from a sale of this land, within two years.  Appellant was during all that time to have the privilege of selling the land to produce the requisite sum for the purpose.  If, however, a sale was not effected by him within twelve months, appellee was to have the like power to sell, and appellant was to have the privilege of purchasing of him at such a price as he should designate.  The appellee was bound, under this agreement, within the last of the two years, to sell the land if it was practicable, for a sum sufficient to reimburse himself for his money paid on the purchase, with the twelve per cent. per annum.  And if he was unable to effect a sale for a sufficient sum, he should have offered it to appellant at that price.  Under this agreement, he could not hold the land for a better price, and if it depreciated, compel the appellant to sustain the loss.  He was bound by this agreement to offer it to appellant within the latter of the two years, and failing to do so he must be held to have elected to hold the land at the price he had paid.

The appellant was bound by the agreement, if the land was not sold within the two years, and appellee offered to resell it within that time, to become the purchaser at the six thousand dollars, with twelve per cent. per annum added, over and above expenses, taxes and assessments.  If appellee had so offered it to appellant, and he had refused to purchase, then he would

have become liable under his covenant. But by this agreement he was not bound to purchase it after the two years had expired. His covenant cannot be construed to bind him to run the hazard of depreciation in the value of the land for an indefinite period. From the whole agreement, when considered together, it is apparent that the parties contemplated that all liability should cease with the expiration of the two years, unless a breach sooner occurred. And the evidence fails to show that appellant failed to keep his covenant, or was guilty of any breach.

The declaration was substantially defective, in not averring that appellee had offered to reconvey the property to appellant within two years, but on the contrary contained the averment that it was after the expiration of the two years. The appellant's demurrer should have been sustained. The question, however, arises, whether the demurrer to defendant's second and sixth pleas could be carried back to the declaration, as the plea of *non est factum* and other pleas had been filed. We have held that a party cannot both plead and demur at the same time, to the same pleading, and that as the general issue traverses every material allegation of the declaration, a demurrer filed at any subsequent stage of the proceeding cannot be carried back over the issue in fact and be sustained to the declaration. We still adhere to the rule; but as there is no general issue in the action of covenant, the rule cannot of course apply in that action. The plea of *non est factum* cannot be regarded as a general issue, as it only denies the execution of the deed. The plea of covenants performed may be said to be nearer a general issue than any other, but it does not deny the execution of the deed, or the performance of covenants by the plaintiff, whilst it traverses the other averments. That plea was not interposed in this case. The court below therefore erred in not carrying back appellee's demurrer, and sustaining it to his declaration.

The defect in the declaration was such, that it, on its face, showed that appellee had no right of recovery. It averred the offer to reconvey after the expiration of the two years, and it was not aided by verdict, as the proof sustained the averment, and precludes the presumption that the evidence showed a right of recovery. But even had the evidence shown an offer to re-convey within the two years, it could have availed nothing in opposition to the positive averment to the contrary. It is only cases defectively stated, by the omission of some material averments, that can be aided by verdict. This objection might have been taken in arrest of judgment had a motion been interposed, but it was not, and cannot be available on error in this court.

The judgment of the court below must be reversed, and the cause remanded. *Judgment reversed.*