# GEORGE W. BRACKETT

## *v.*

## THE PEOPLE *ex rel.* Daniel McGowan.

1. TOWN CHARTERS—*provisions prevail as to the town, over prior general law, when inconsistent with it.* The provisions of the charter of a town, passed subsequent to the passage of a general law, must, as to such town, prevail over any inconsistent provision of the general law.

2. PLEADING—*carrying demurrer back.* An information in the nature of a *quo warranto* was filed to test the right of respondent to hold an office claimed by the relator, to which respondent filed five pleas, to four of which a demurrer was sustained, and issue of fact joined on the other, which presented the question of the alienage and consequent ineligibility of the relator: *Held,* that there was nothing in the issue of fact joined on the plea, or in the other pleas, which were clearly bad, to prevent the demurrer being carried back to the information.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an information in the nature of a *quo warranto* to test the right of Brackett, the defendant, to hold the office of police magistrate for the city of East St. Louis.

Demurrers were sustained to defendant's 1st, 2d, 4th and 5th pleas, and issue being joined on the first replication to the 3d plea, it was tried by the court without a jury, and found against the defendant, whereupon judgment of ouster was rendered against him, and he brings the case here by appeal.

The pleas to which demurrers were sustained are manifestly insufficient, and there is no attempt in argument to sustain them, but the point made is, that the demurrers should have been carried back and sustained to the information.

The information sets out that, at an election held according to law on the 4th day of April, 1871, at East St. Louis, the relator, Daniel McGowan, was elected police magistrate for that city, to succeed the plaintiff, Brackett, who was then holding said office; that Brackett was a candidate for re-election, and received the next highest number of votes for the office; that McGowan, on the 13th day of April, 1871, filed his official bond, and, on the 17th day of the same month, received his commission and was duly qualified; and that Brackett, after the expiration of his term of office, and after the election and qualification of his successor as aforesaid, did, on the 18th day of April, 1871, unlawfully hold the office and exercise its powers and duties, and still continues to do so.

It is urged by appellant, that the information admits that Brackett held the office on the 4th day of April, 1871, and claims that he lost title to hold it afterward by reason of the election on that day of his successor, and his subsequent quali-

fication; and appellant contends that no successor to him was elected, because there was no law authorizing any election of police magistrate in East St. Louis, to be held on April 4th, 1871, and that he is entitled by law to hold the office until his successor is elected and qualified; that the various charters of East St. Louis, and its predecessor, Illinoistown, are silent upon the subject of police magistrate, with the exception of the charter of Illinoistown, (Private Laws 1861, p. 648,) which provides that a police magistrate for that town shall be elected on the first Monday of April, 1861, and every four years thereafter, who shall hold his office for the term of four years, and until his successor shall be elected and qualified—so that the election could have come round only in 1865, 1869, and 1873.

The only answer attempted to this view is, that the general law in regard to police magistrates (Laws of 1854, p. 11,) supersedes the charter, which general law provides for the election of police magistrates at the next regular election for city and town officers, which is said to be the first Tuesday in April, by the charter of East St. Louis, and that the law of 1855 (Laws of 1855, p. 44,) allowed the cities and towns which failed to elect in 1854, to elect in any subsequent year at the city election. Had the date of the charter of Illinoistown been prior to that of the general law, it might have been plausibly said that the general law superseded the provision of the charter, as to the time of the election of police magistrates. But the time of the passage of the general law having been in 1854, and that of the charter of Illinoistown in 1861, the subsequent special provision of its charter as respects Illinoistown, now East St. Louis, must prevail against any inconsistent provision of the prior general law. The provision respecting the time of electing police magistrates in that corporation on the first Monday of April, 1861, and every four years thereafter, it seems to be conceded, has not been repealed by any subsequent act; consequently, the election of a police magistrate on the 4th day of April, 1871, was not authorized by law, and was invalid, and no successor of Brackett has been legally elected.

But, then, it is said, as there was an issue of fact formed on the 3d plea, the demurrer can not be carried back to the information. The several pleas were as follows:

1. That one McCracken was elected to the office April 1, 1867, and afterward died, and that on the 11th day of October, 1870, the defendant was elected to fill the vacancy.

2. That, the office being vacant on the 11th day of October, 1870, defendant was on that day elected to fill it, wherefore his term of office had not expired.

3. That relator was not eligible to the office, because he was an alien, and because he held the office of city engineer, and the two offices were incompatible.

4. That defendant was allowed by law to hold the office until his successor was designated by the clerk of the county court as the person elected to succeed the defendant; that the clerk had never made such designation, and had not entered relator's name upon the list of justices of the peace, as the successor of defendant, as required by law.

5. That no notice was given by the county clerk or sheriff, as required by law, of the election in the information named.

The issue of fact formed on the 3d plea was upon the alienage of the relator.

This court has held that, where a plea of the general issue is put in to a declaration, a demurrer to a plea can not be carried back to the declaration, upon the well settled ground that a party can not plead and demur to the same pleading at the same time. *Wilson* v. *Myrick,* 26 Ill. 35. It has also held, that, where, in an action of covenant, the plea of *non est factum* had been filed, a demurrer to other pleas could be carried back to the declaration. *Reeves* v. *Foreman,* 26 Ill. 313. Under the authority of these cases, we see nothing in the pleas in this case, or in the issue of fact formed, to prevent the demurrers of the appellee from being carried back and sustained to the information. We are of opinion this should have been done.

The judgment is therefore reversed and the cause remanded.

*Judgment reversed.*